**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **WYNETTA UPSHAW**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE EARLY LEARNING COALITION OF SOUTHWEST FLORIDA, INC.**, a Florida nonprofit corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:26-cv-1081**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, WYNETTA UPSHAW ("UPSHAW" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Florida Civil Rights Act (FCRA) for (1) sex discrimination in violation of Title VII, (2) sex discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, WYNETTA UPSHAW ("UPSHAW") is an individual who at all material times resided in Lee County, Florida and who worked for the Defendant in Lee County, Florida.

3. Defendant, THE EARLY LEARNING COALITION OF SOUTHWEST FLORIDA, INC. ("Defendant") is a Florida nonprofit corporation that employed UPSHAW in Lee County, Florida. The Defendant was UPSHAW's employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

6. UPSHAW received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 3, 2026 and the

2

instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. UPSHAW was employed by the Defendant as a Chief Administrative Officer and began her employment with the Defendant on or about July 2, 2012, at the Early Learning Coalition's Fort Myers office.

8. UPSHAW performed all of the essential functions of her position with distinction, receiving excellent performance reviews throughout her employment, including a 3.67 rating in her 2022 evaluation and a 3.17 rating in her 2024 evaluation, and receiving four promotions during her thirteen-year tenure.

9. UPSHAW is female and as such, is a member of a protected class.

10. UPSHAW was very well qualified for her position.

11. Beginning in her role as Chief Administrative Officer in March 2023, UPSHAW reported directly to CEO Melanie Stefanowicz and was responsible for overseeing Human Resources, Contracts and Compliance, and Information Technology functions.

12. On April 1, 2024, Defendant hired Richard Cocchieri, a male, as Chief Financial Officer at an annual salary of $137,500.

13.     At the time of Mr. Cocchieri's hire, UPSHAW, as Chief Administrative Officer, was earning approximately $105,350 annually despite holding a chief-level position at the same Grade 11 pay level.

14.     UPSHAW participated in the hiring process for Mr. Cocchieri alongside CEO Stefanowicz and other chiefs, yet was excluded from all discussions regarding his compensation.

15.     Despite Mr. Cocchieri lacking full qualifications for the CFO position, including not being a CPA, having a degree in an unrelated medical field, and having less than two years of verified nonprofit accounting and leadership experience, he was offered a salary significantly exceeding UPSHAW and the other female chiefs.

16.     Following Mr. Cocchieri's hire, Defendant continued to employ two female consultants, Vickie Welter and Tricia Delles, CPA, to perform core CFO functions that Mr. Cocchieri was unable to fulfill.

17.     In April 2024, UPSHAW raised concerns to CEO Stefanowicz about hiring practices and potential pay disparity issues when the Defendant offered Shannon Decker, a male Director of Accounting position, a starting salary of $80,000 while similarly qualified female directors were earning between $60,000 and $70,000.

4

18.    On July 18, 2024, UPSHAW participated in an investigative meeting with Jonathan Jarrell of The Krizner Group regarding the termination of former Chief Quality Officer Leona Adkins.

19.    Following UPSHAW's participation in this investigation, Defendant began excluding her from important communications and reassigning her responsibilities.

20.    On August 6, 2024, CFO Cocchieri publicly announced in the presence of all staff that his department would approve and track contract-related invoices, functions that historically fell within UPSHAW's role, without prior notice to UPSHAW.

21.    On or about August 23, 2024, UPSHAW met with CEO Stefanowicz and HR Committee Chair Elizabeth McBride to file a formal complaint regarding hostile work environment, excessive workload due to inadequate staffing, and unequal treatment. The meeting ended without resolution, with CEO Stefanowicz making derogatory remarks and Ms. McBride failing to take any action.

22.    In March 2025, CEO Stefanowicz instructed UPSHAW to terminate Cara Baumann, an employee with ADA accommodations who had no documented performance issues. UPSHAW recognized this as an unlawful request.

23.     On or about March 12, 2025, UPSHAW reported CEO Stefanowicz's illegal termination request to HR Generalist Diane Bellmore and again complained about the hostile work environment, pay disparity, and discriminatory treatment. No investigation was conducted.

24.     Following this complaint, in April 2025, policies were drafted and Board-approved in June 2025 that transferred UPSHAW's core responsibilities to CFO Cocchieri and CEO Stefanowicz, leaving her with primarily contract monitoring duties.

25.     On June 12, 2025, in response to UPSHAW's protected complaints, Defendant's Board Executive Committee authorized an additional HR audit targeting UPSHAW's performance, despite The Krizner Group having completed a routine annual HR audit on March 24, 2025, that identified no significant findings.

26.     On June 17, 2025, CEO Stefanowicz presented UPSHAW with a new job description for "Chief Compliance Officer," which reflected a significant reduction in responsibilities and authority.

27.     On June 25-26, 2025, Joyce Chastain of The Krizner Group conducted a targeted audit of HR processes under UPSHAW's supervision and met with UPSHAW for approximately ninety minutes in an accusatory manner, raising allegations about unemployment claims and other HR matters.

28.    On July 1, 2025, UPSHAW filed a formal written complaint with HR Generalist Diane Bellmore regarding pay disparity, specifically that Defendant was paying her less than similarly situated male executives. CEO Stefanowicz forwarded the complaint to the Board that same day.

29.    Only six days after UPSHAW's formal complaint about sex-based pay discrimination, on July 7, 2025, Defendant's Board Executive Committee voted unanimously to terminate UPSHAW's employment.

30.    The stated reason for UPSHAW's termination was alleged "HR deficiencies" identified in The Krizner Group's Summary Report dated July 3, 2025, which was completed immediately after UPSHAW filed her discrimination complaint.

31.    The audit findings were pretextual and unfounded, as evidenced by the fact that the same auditor, Joyce Chastain, had conducted a comprehensive annual HR audit just three months earlier on March 24, 2025, without identifying any significant deficiencies.

32.    UPSHAW was terminated by CFO Cocchieri in CEO Stefanowicz's absence, with Board Chair Kae Moore and HR Generalist Diane Bellmore present.

33.    During the Board meeting on July 7, 2025, Board member Rebecca McKellar participated in the vote to terminate UPSHAW despite having a

conflict of interest as a former employee who had been denied a promotion by UPSHAW and subsequently resigned.

34. At all material times, the Defendant was aware of UPSHAW's sex and her complaints regarding violations of Title VII and the FCRA, which are the bases for its discriminatory and retaliatory employment practices toward her.

## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEX DISCRIMINATION

35. Plaintiff incorporates by reference Paragraphs 1-34 of this Complaint as though fully set forth below.

36. UPSHAW is female and as such, is a member of a protected class.

37. At all material times, UPSHAW was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e.

38. UPSHAW was, and is, qualified for the positions that she held with the Defendant.

39. UPSHAW has endured disparate treatment while employed with the Defendant based on her sex, thereby altering the terms and conditions of her employment.

8

40.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of UPSHAW's sex in violation of Title VII.

41.     As a direct and proximate result of the violations of Title VII, UPSHAW has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

42.     As a direct and proximate result of the violations of Title VII as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, UPSHAW is entitled to all relief necessary to make her whole as provided for under Title VII.

43.     As a direct and proximate result of the Defendant's actions, UPSHAW has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44.     UPSHAW has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her

9

position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, SEX DISCRIMINATION

45.     Plaintiff incorporates by reference Paragraphs 1-34 of this Complaint as though fully set forth below.

46.     UPSHAW is female and as such, is a member of a protected class.

47.     At all material times, UPSHAW was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

48.     UPSHAW was, and is, qualified for the positions that she held with the Defendant.

10

49.     UPSHAW has endured disparate treatment while employed with the Defendant based on her sex, thereby altering the terms and conditions of her employment.

50.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of UPSHAW's sex in violation of the FCRA.

51.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, UPSHAW has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

52.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, UPSHAW is entitled to all relief necessary to make her whole as provided for under the FCRA.

53.     As a direct and proximate result of the Defendant's actions, UPSHAW has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54.     UPSHAW has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

55.    Plaintiff incorporates by reference Paragraphs 1-34 of this Complaint as though fully set forth below.

56.    UPSHAW is female and, as such, is a member of a protected class.

57.    At all material times, UPSHAW was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

12

58.     UPSHAW was qualified for the positions that she held with Defendant.

59.     UPSHAW endured continuous sex-based harassment and disparate treatment while employed with Defendant, including unequal pay compared to her male counterpart, exclusion from critical communications and decision-making, systematic removal of her job responsibilities, and hostile treatment from CEO Stefanowicz, thereby altering the terms and conditions of her employment.

60.     UPSHAW repeatedly complained to Defendant about the sex-based discrimination, hostile environment, pay disparities, violation of policies, and retaliatory conduct in April 2024, August 2024, March 2025, and July 2025, and the Defendant clearly observed her growing concerns regarding the same.

61.     UPSHAW's complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

62.     Said protected activity was the proximate cause of Defendant's negative employment actions against UPSHAW including systematic removal of job responsibilities, initiation of a retaliatory audit, presentation of a diminished job description, and ultimately termination.

63.     Instead of ceasing its discrimination, Defendant retaliated against UPSHAW.

64.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Title VII.

65.     As a direct and proximate result of the violations of Title VII, UPSHAW has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

66.     As a direct and proximate result of the violations of Title VII, and as a direct and proximate result of the prohibited acts perpetrated against her, UPSHAW is entitled to all relief necessary to make her whole as provided for under Title VII.

67.     As a direct and proximate result of Defendant's actions, UPSHAW has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

68.     UPSHAW has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her

14

position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

69.     Plaintiff incorporates by reference Paragraphs 1-34 of this Complaint as though fully set forth below.

70.     UPSHAW is female and, as such, is a member of a protected class.

71.     At all material times, UPSHAW was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

72.     UPSHAW was qualified for the positions that she held with Defendant.

73.     UPSHAW endured continuous sex-based harassment and disparate treatment while employed with Defendant, including unequal pay

compared to her male counterpart, exclusion from critical communications and decision-making, systematic removal of her job responsibilities, and hostile treatment from CEO Stefanowicz, thereby altering the terms and conditions of her employment.

74.    UPSHAW repeatedly complained to Defendant about the sex-based discrimination, hostile environment, pay disparities, violation of policies, and retaliatory conduct in April 2024, August 2024, March 2025, and July 2025, and the Defendant clearly observed her growing concerns regarding the same.

75.    UPSHAW's complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

76.    Said protected activity was the proximate cause of Defendant's negative employment actions against UPSHAW including systematic removal of job responsibilities, initiation of a retaliatory audit, presentation of a diminished job description, and ultimately termination.

77.    Instead of ceasing its discrimination, Defendant retaliated against UPSHAW.

78.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

79.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, UPSHAW has lost all of the benefits and privileges

16

of her employment and has been substantially and significantly injured in her career path.

80.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, UPSHAW is entitled to all relief necessary to make her whole as provided for under the FCRA.

81.    As a direct and proximate result of Defendant's actions, UPSHAW has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

82.    UPSHAW has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

17

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, WYNETTA UPSHAW, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 8, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

18